JOSEPH H. ADAMS
vs.
F. TORELLO & SON MACHINE CO., ET AL.

Superior Court      New Haven County      File #52344

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

Rabinowitz & Rabinowitz,    Attorneys for the Plaintiff.

Joseph Weiner;
D. M. Reilly;
Larash & Gabriel,           Attorneys for the Defendants.

## MEMORANDUM FILED OCTOBER 4, 1937.

O'SULLIVAN, J.   On January 30, 1937, about 6:30 P.M., the plaintiff had occasion to cross First Avenue in West Haven at its intersection with Thompson Street. At this point the highway is thirty-four feet wide. Before crossing from the west to the east side on the southerly crosswalk, the plaintiff looked to his left and right and observed the only traffic then in the vicinity which was an automobile headed north. This automobile was being operated at the time by the defendant Pimer, acting within the scope of his employment for the defendant, F. Torello & Son Machine Company. When first observed, the automobile was a block and a half away, a distance of approximately 350 feet. As the car was far away, the plaintiff started to walk and when he was about in the

center of the street, he again looked to his right and saw the automobile about two hundred feet to the south at the next intersecting highway. It was then proceeding approximately in the center of First Avenue. Believing he had ample time to reach the east side, the plaintiff continued until he was two or three steps from the easterly curb when the automobile hit him a terrific blow causing severe injuries which need not be recited in this memorandum. Pimer had seen the plaintiff a short interval of time before he hit him and had been braking the car for probably fifteen to twenty feet before the impact. From the moment he applied his brakes, he altered his course from the center of the highway where he had been proceeding so that he directed the automobile to his right at such an arc that for each foot he proceeded up First Avenue he approached the easterly curb by slightly less than one-half a foot. In other words, from the time he started to apply his brakes until he hit the plaintiff, he got the car between about seven to ten feet nearer the easterly curb. This unfortunate as well as careless maneuver was the direct cause of the accident which was due solely to the careless operation of the car by Pimer.

This is not an instance of a pedestrian taking unwarranted chances with his own safety. On the contrary, it is an illustration of a man attendant to possible danger, who looked before he started to cross the street at a regular crosswalk and again when he had completed about half the distance to the opposite curb; who saw the automobile far enough away to justify his belief that he had ample time to get to the other sidewalk, and who actually had reached a position of safety had not the operator of the car turned to his right and actually run him down.

The special damages total $1,345. Fair compensation for the injuries is assessed at $4,000.

Accordingly let judgment enter for the plaintiff to recover $5,345.00.